# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> [2] MICHAEL PÉREZ ROSADO, <br><br> Defendant. | CRIMINAL NO. 25-246 (ADC) |

### REPORT AND RECOMMENDATION
### RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.**     **Procedural Background**

On May 22, 2025 a grand jury returned an indictment against defendant [2] Michael Pérez Rosado. ECF No. 3. The defendant has agreed to plead guilty to counts two (18 U.S.C. § 924(h)), five (18 U.S.C. §§ 371 and 922(a)(3)), six (18 U.S.C. §§ 371 and 922(e)), and seven (18 U.S.C. §§ 371 and 1715) of the indictment.

**II.**     **Consent to Proceed Before a Magistrate Judge**

On January 21, 2026, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to counts two, five, six and seven of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained

the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

**III.     Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

   **A.     Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

   **B.  Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.     To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.     To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.     To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.  To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.  To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C.  Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, the defendant was explained, and he understood, that if convicted on count two he will face the following penalties: a term of imprisonment of not more than fifteen (15) years, a fine not greater than two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. Defendant was also explained, and he understood, that if convicted of counts five, six and seven, he is exposed to the following penalties as to each count: a term of imprisonment of not more than

five (5) years, a fine not greater than two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Basis in Fact**

At the change of plea hearing, the defendant admitted that the following facts are true:

1. Beginning no later than August 26, 2024 and continuing until on or about September 4, 2024, in Puerto Rico and elsewhere within the jurisdiction of this Court, defendant Michael Pérez and another person knowingly and willfully conspired and agreed with each other to, and attempted to, transfer from Florida to Puerto Rico 1 Glock pistol with serial number BFMK992, 1 Glock pistol with serial number BKPH409 (which had been modified to shoot more than one shot

without manual reloading by a single function of the trigger), and 1 Polymer 80 pistol without a serial number, with knowledge or having reasonable cause to believe that such firearms would be used to commit a felony, namely, the unlicensed possession of a firearm in Puerto Rico and the unlawful possession of a machinegun in Puerto Rico.

2. Beginning no later than August 26, 2024 and continuing until on or about September 4, 2024, in Puerto Rico and elsewhere within the jurisdiction of this Court, defendant Michael Pérez Rosado, not being a licensed importer, manufacturer, dealer, and collector of firearms, knowingly and willfully conspired and agreed with another person to transport into and receive in Puerto Rico, where Mr. Pérez Rosado resided, 1 Glock pistol with serial number BFMK992, 1 Glock pistol with serial number BKPH409, and 1 Polymer 80 pistol without a serial number, and 5 empty pistol magazines obtained by Mr. Pérez Rosado outside of the Commonwealth of Puerto Rico.

3. Beginning no later than August 26, 2024 and continuing until on or about September 4, 2024, in Puerto Rico and elsewhere within the jurisdiction of this Court, defendant Michael Pérez Rosado and another person knowingly and willfully conspired and agreed with each other to knowingly deliver and cause to be delivered to a common and contract carrier for transportation and shipment in interstate commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, a package or other container in which there were firearms, without written notice to the carrier that such firearms and ammunition were being transported and shipped.

4. Beginning no later than August 26, 2024 and continuing until on or about September 4, 2024, in Puerto Rico and elsewhere within the jurisdiction of this Court, defendant Michael Pérez Rosado and another person knowingly and willfully conspired and agreed together with each other to deposit for mailing and delivery and cause to be delivered by mail according to the direction thereon, and at any place to which it is directed to delivered by the person to whom it is addressed, firearms which are declared nonmailable by 18 U.S.C. § 1715: 1 Glock pistol with serial number BFMK992, 1 Glock pistol with serial number BKPH409, and 1 Polymer 80 pistol without a serial number.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**IV. Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, has entered a plea of guilty as to counts two, five, six and seven of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts two, five, six and seven of the indictment.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 22nd day of January, 2026.

s/Marcos E. López<br>
U.S. MAGISTRATE JUDGE